## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL VINSKI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 11-1326 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiffs April Vinski and Lawrence Vinski ("Plaintiffs") initially filed the instant lawsuit on the Court of Common Pleas of Allegheny County, Pennsylvania, on September 19, 2011. (Doc. 1-2 at 1). Defendants filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446, in this Court on October 18, 2011. (Doc. 1). On November 11, 2011, Plaintiffs moved to remand this case to state court, asserting that this Court did not have subject matter jurisdiction to hear this case. (Doc. 5).

In their notice of removal, Defendants base the subject matter jurisdiction of this Court on the diversity of citizenship of the litigants. (Doc. 1 ¶ 2). In their motion, Plaintiffs do not dispute the existence of diversity; however, they assert that Defendants have "not met [their] burden of proving . . . that the amount in controversy exceeds $75,000.00." (Doc. 5 at 2); see also 28 U.S.C. § 1332(a) (requiring that, when a district court's subject matter jurisdiction is based on diversity of citizenship, the amount in controversy in the suit, exclusive of interest and costs, must exceed $75,000).

A district court shall remand to state court a previously-removed case if, at any point prior to final judgment, it appears that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).  The Court of Appeals for the Third Circuit has provided guidance in analyzing a motion to remand when the amount in controversy is in dispute.  Frederico v. Home Depot, 507 F.3d 188, 195-97 (3d Cir. 2007).  When, as here, a plaintiff has not specified in the complaint that the amount in controversy is less than the jurisdictional minimum, a court must apply the Samuel-Bassett test.  See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392 (3d Cir. 2004).  Under this test, the burden shifts to the party challenging subject matter jurisdiction to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold.  Frederico, 507 F.3d at 195.  The rule does not require the proponent of federal jurisdiction to prove anything.  Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing Frederico, 507 F.3d at 195).

Determining the amount in controversy begins with a reading of the complaint filed in the state court.  Samuel-Bassett, 357 F.3d at 398.  When a case is brought in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (internal footnotes omitted).  Also, a court may look to the defendant's notice of removal, which serves the same function that the complaint would if filed in the district court.  Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006).  "The court must measure the amount 'not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.'"  Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (quoting Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)).  Punitive damages are considered when calculating the amount in controversy, Frederico, 507 F.3d at 199, as are attorney fees if they are "available to successful plaintiffs under a

statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578, 585; see also Frederico, 507 F.3d at 199.

In their state court complaint, Plaintiffs assert two claims against Defendants. The first claim is for under-insured motorist benefits due to injuries suffered by Plaintiffs, allegedly due to the tortious acts of Defendants' insured, for which Plaintiffs seek damages "in a sum in excess of" $25,000.00. (Doc. 1-2 at 6). Plaintiffs' second claim is based on Defendants' alleged breach of fiduciary duty in their processing of Plaintiffs' insurance claim prior to the filing of his suit. Id. ¶ 19. Plaintiffs seek additional damages "in excess of" $25,000.00 for these alleged bad acts on the part of Defendants. Id. at 7. The state statute on which the second claim is based explicitly authorizes the award of punitive damages and attorney fees. 42 Pa. Cons. Stat. Ann. § 8371. It is noteworthy that there is no indication anywhere in the complaint that Plaintiffs have placed an upper limit on the value of their claims. Based on the above facts, Defendants reasonably concluded in their notice of removal that the amount in controversy exceeded $75,000.00. (Doc. 1 ¶¶ 5, 6, and 11).

Plaintiffs argue that they have a pending offer to settle their claim for underinsured motorist benefits against Defendants for the sum of $50,000, and that this offer is valuable evidence of a reasonable estimate of the value of their claims. (Doc. 5 at 2-3). Plaintiffs also include, as an exhibit to their motion, a proposed stipulation, in which they would set their total claims for damages at $75,000, but notably do not include language setting an upper limit on recovery, should this case go to trial (Doc 4-1 at 2). As such, Plaintiffs, as the movants, have failed to meet their burden that the jurisdictional limit could not be met *as a legal certainty*. Accordingly, their motion to remand will be denied.

AND NOW, on this 10th day of January, 2012,

IT IS HEREBY ORDERED that Plaintiffs' motion to remand (Doc. 4) is DENIED.

BY THE COURT:

s\Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via ECF email notification):

All Counsel of Record